IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES L. FREEMAN, III**

           **Plaintiff,**

    v.                                              **CASE NO. 05-3306-SAC**

**VICTOR S. JOHNSON, et al.,**

           **Defendants.**

**O R D E R**

Before the court is a civil complaint submitted under 42 U.S.C. 1983 by a prisoner confined in the Davidson County Jail in Nashville, Tennessee, awaiting prosecution on pending criminal charges. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

As amended April 26, 1996, 28 U.S.C. 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the limited financial records provided, the court assesses an initial partial filing fee of $20.00, which is twenty percent of plaintiff's average monthly deposit, rounded to the lower half dollar. The failure to pay this assessed fee within the time set by the court may result in the dismissal of this action without prejudice and without further notice to plaintiff.

Additionally, because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).

In this action, plaintiff seeks damages from various Kansas defendants on allegations related to the conditions of his confinement in the Shawnee County jail in Topeka, Kansas, and to his arrest and confinement in Kansas prior to his extradition to Tennessee.  However, plaintiff identifies no exhaustion of administrative remedies at the Shawnee County facility, which is a statutory requirement plaintiff must satisfy before seeking relief in a federal court.  See 42 U.S.C. 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

Moreover, plaintiff's claim for damages against the Kansas governor, the Shawnee County prosecutor, and a Shawnee County District Court Judge are barred by immunity.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985)(Eleventh Amendment immunity protects state officials sued for damages in their official capacity); Imbler v. Pachtman, 424 U.S. 409, 430 (1976)(prosecutors entitled to absolute immunity for activities intimately associated with judicial phase of criminal process);

2

*and* Stump v. Sparkman, 435 U.S. 349, 362-64 (1978)(judges are protected by absolute immunity in civil rights actions from liability based on their judicial actions).

Plaintiff also names various Tennessee individuals as defendants, including witnesses and/or victims in plaintiff's pending criminal proceeding in Tennessee. All claims asserted against these defendants are subject to being dismissed without prejudice based on improper venue and this court's lack of personal jurisdiction over these defendants.[1]

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $20.00. Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that petitioner is granted thirty (30) days to show cause why the complaint should not be dismissed for the reasons stated by the court.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

---

[1]Additionally, plaintiff's allegations against these defendants would be subject to summary dismissal based upon plaintiff's failure to exhaust administrative remedies on claims concerning his Tennessee detention; based on prosecutorial immunity; and because no cause of action is stated under 42 U.S.C. 1983 against individuals not acting under color of state law.

DATED:  This 20th day of July 2005 at Topeka, Kansas.


       s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge